U.S.D.J. KIYO A. MATSUMOTO     11/3//2023     TIME: 11:00 a.m. – 1:00 p.m.

## CRIMINAL CAUSE FOR SENTENCING

DOCKET # 21-CR-64 **[KAM]** U.S.A. v. **Larby Amirouche aka Luke Williams (c)**

DEFENSE COUNSEL: Michael Kushner, Esq **(retained)**

A.U.S.A: **David Pitluck**     C/R: Linda Marino     DEPUTY: **S. Jackson**

**X** CASE CALLED.     **X** DEFENDANT SWORN AND INFORMED OF RIGHTS

**X** SENTENCING HELD.     **X** STATEMENTS OF DEFENDANT AND COUNSEL HEARD

**X** DEFENDANT SENTENCED ON COUNT(S) **1** of the Superseding Information.

**IMPRISONMENT:** 20 months with credit for time served in federal custody.

That Mr. Williams be designated to a facility close to the Chicago metro area, to facilitate family visits. The BOP is respectfully requested to provide Mr. Williams with mental health treatment services. Mr. Williams is encouraged to participate in the BOP's Financial Responsibility Program that will assist him with making payments towards his outstanding restitution, forfeiture, and assessment obligations.

**SUPERVISED RELEASE:** 3 years with the standard and special conditions of supervised release.

## SPECIAL CONDITIONS

a. Mr. Williams shall comply with the order of restitution and forfeiture, as set forth below and pay his assessment. Failure to pay the restitution and assessment will be considered a violation of supervised release.

b. Upon request, Mr. Williams shall provide the U.S. Probation Department and the U.S. Attorney's Office with complete and truthful disclosure of his financial condition including co-mingled income, funds in which he has an interest, expenses, assets and liabilities, and shall include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, Mr. Williams is prohibited from maintaining and/or opening any individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Department. Mr. Williams shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income and expenses. Mr. Williams shall cooperate in the signing of any necessary authorization
forms permitting the U.S. Probation Department and the U.S. Attorney's Office to access his financial information, and records, including tax returns.

c. Mr. Williams shall maintain full time verifiable employment as approved by the Probation Department. He shall cooperate with the U.S. Probation Department in the investigation and approval of any position of self-employment, including any independent, entrepreneurial, or freelance employment or business activity. If approved for self-employment, the defendant shall provide the U.S. Probation Department with full disclosure of his self-employment and other business records, including, but not limited to, all the records identified in the Probation Form 48F (Request for Self-Employment Records), or as otherwise requested by the U.S. Probation or U.S. Attorney's Office.

d. Mr. Williams shall participate in a mental health treatment program as approved by the Probation Department. He shall contribute to the cost of such services rendered and/or any psychotropic medications prescribed to the degree he is able to pay for services, and shall cooperate in securing any applicable third-party payment. Mr. Williams shall disclose complete and truthful financial information and documents to the Probation Department to assess his ability to pay for services.

e. For a period of 3 months Mr. Williams shall comply with a curfew via electronic monitoring as directed by the Probation Department. He will remain at his place of residence at a time to be determined by Probation. The Probation Department may designate another 12-hour respective time period if the defendant's employment, education, or observance of religious services preclude the times designated by Probation. During the curfew period, the defendant shall wear an electronic monitoring bracelet or similar tracking device and follow all requirements an procedures established for the curfew via electronic monitoring by the Probation Department. In addition, the defendant shall pay all costs, including the costs of the electronic monitoring equipment to the degree he is able to pay. Mr. Williams shall also make truthful financial disclosure to the U.S. Probation Department and to the government and comply with the conditions that he pay for electronic monitoring,

f. Pursuant to USA v Hurtado, 756F.Appx. 63(2nd Cir. 2018) 5F1.5(a) of the Guidelines, Mr. Williams must not use aliases or nominees or engage in occupation, business, profession, or volunteer activity that would require or enable him to engage in online advertising or e-commerce without the prior approval of the probation officer.

g. Mr. Williams shall not possess a firearm, ammunition or any destructive device.

## RESTITUTION

Mr. Williams is ordered to pay restitution in the amount of $114,171.59, due immediately and payable as set forth to the victim financial institutions. The identity and address information of the victim financial institutions are listed on the Order of Restitution that is attached hereto and incorporated herein. If the restitution amounts is not paid in full, interest will accrue as required by law. Restitution is due immediately and payable at minimum rate of at least $20 per month while in custody. Starting on the first day of the first month of release, he shall make monthly restitution payments at a minimum rate of not less than 10% of gross monthly income after deductions required by law or $300 per month, whichever is greater. Mr. Williams is encouraged to participate in the Bureau of Prisons Financial Responsibility Program, for assistance with making payments towards his restitution obligation. Payments shall be mailed to: The Clerk of Court (EDNY). US District Court. 225 Cadman Plaza East, Brooklyn, New York 11201, and shall reference the caption, USA v. Larby Amirouche aka Luke Williams, 21CR64 [KAM] and notation "restitution" on the check. Mr. Williams shall continue making monthly restitution payments on the first day of each month until the restitution amount is fully paid. The government shall provide the addresses of the financial institutions to the Clerk of Court. The Clerk of Court shall distribute restitution to the victims. Failure to pay the restitution, forfeiture and assessment will be considered a violation of supervised release. The Order of Restitution is attached hereto and incorporated herein.

## FORFEITURE

Pursuant to 18 U.S.C, § 982(a)(2). the defendant has consented to the entry of a forfeiture money judgment in the amount of one million eight hundred eighty-eight thousand six hundred forty-seven dollars and eighty-nine cents ($1,888,647.89) (the "Forfeiture Money Judgment"), as property, constituting, or derived from, proceeds obtained directly or indirectly as a result of the defendant's violation of 18 U.S.C. §§ 371 and 1344, and/or substitute assets, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b)(1). If the forfeiture amount is not paid in full, interest will occur. Failure to pay the forfeiture as directed will be considered a violation of supervised release.   The Order of Forfeiture is attached hereto and incorporated herein.

**OTHER:**  $100.00 Special Assessment    Restitution **$114,171.59**  Forfeiture **$1,888,647.89**   Fine $0

    ___ Transcript Ordered.

    **X** Gov't to return defendant's property, if any.    ___ IFP Granted.

    **X** Court advised defendant of right to appeal.

    **X** Gov't to return defendant's property, if any.

    ___ Remaining Count(s)_____ are/ is dismissed on the motion of the govt.