AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
### Eastern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| Larby Amirouche | ) | Case Number: 21CR64 [KAM] |
| -aka- | ) | |
| Luke Williams | ) | USM Number: 31196-509 |
| | ) | |
| | ) | Michael Peter Kushner, Esq. |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    A Single-Count Superseding Information

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Bank Fraud, Class C Felony | 4/30/2016 | 1 |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)   the underlying indictments   ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/3/2023
Date of Imposition of Judgment

s/KAM
Signature of Judge

Kiyo A. Matsumoto, USDJ
Name and Title of Judge

11/3/2023
Date

DEFENDANT:   Larby Amirouche -aka- Luke Williams
CASE NUMBER:   21CR64 [KAM]

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
20 months with credit for time served in federal custody.

☑ The court makes the following recommendations to the Bureau of Prisons:
That Mr. Williams be designated to a facility close to the Chicago metro area, to facilitate family visits. The BOP is respectfully requested to provide Mr. Williams with mental health treatment services. Mr. Williams is encouraged to participate in the BOP's Financial Responsibility Program that will assist him with making payments towards his outstanding restitution, forfeiture, and assessment obligations.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____  ☐ a.m.  ☐ p.m.  on _____ .

   ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☑ before 2 p.m. on.   1/31/2024

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __8__

DEFENDANT: Larby Amirouche -aka- Luke Williams
CASE NUMBER: 21CR64 [KAM]

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: 3 years with the standard and special conditions of release.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (check if applicable)
4. ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. (check if applicable)
7. ☐ You must participate in an approved program for domestic violence. (check if applicable)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page __4__ of __8__

DEFENDANT: Larby Amirouche -aka- Luke Williams
CASE NUMBER: 21CR64 [KAM]

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: Larby Amirouche -aka- Luke Williams
CASE NUMBER: 21CR64 [KAM]

# SPECIAL CONDITIONS OF SUPERVISION

a. Mr. Williams shall comply with the order of restitution and forfeiture, as set forth below and pay his assessment. Failure to pay the restitution and assessment will be considered a violation of supervised release.

b. Upon request, Mr. Williams shall provide the U.S. Probation Department and the U.S. Attorney's Office with complete and truthful disclosure of his financial condition including co-mingled income, funds in which he has an interest, expenses, assets and liabilities, and shall include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, Mr. Williams is prohibited from maintaining and/or opening any individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Department. Mr. Williams shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful monthly statements of his income and expenses. Mr. Williams shall cooperate in the signing of any necessary authorization forms permitting the U.S. Probation Department and the U.S. Attorney's Office to access his financial information, and records, including tax returns.

c. Mr. Williams shall maintain full time verifiable employment as approved by the Probation Department. He shall cooperate with the U.S. Probation Department in the investigation and approval of any position of self-employment, including any independent, entrepreneurial, or freelance employment or business activity. If approved for self-employment, the defendant shall provide the U.S. Probation Department with full disclosure of his self-employment and other business records, including, but not limited to, all the records identified in the Probation Form 48F (Request for Self-Employment Records), or as otherwise requested by the U.S. Probation or U.S. Attorney's Office.

d. Mr. Williams shall participate in a mental health treatment program as approved by the Probation Department. He shall contribute to the cost of such services rendered and/or any psychotropic medications prescribed to the degree he is able to pay for services, and shall cooperate in securing any applicable third-party payment. Mr. Williams shall disclose complete and truthful financial information and documents to the Probation Department to assess his ability to pay for services.

e. For a period of 3 months Mr. Williams shall comply with a curfew via electronic monitoring as directed by the Probation Department. He will remain at his place of residence at a time to be determined by Probation. The Probation Department may designate another 12-hour respective time period if the defendant's employment, education, or observance of religious services preclude the times designated by Probation. During the curfew period, the defendant shall wear an electronic monitoring bracelet or similar tracking device and follow all requirements an procedures established for the curfew via electronic monitoring by the Probation Department. In addition, the defendant shall pay all costs, including the costs of the electronic monitoring equipment to the degree he is able to pay. Mr. Williams shall also make truthful financial disclosure to the U.S. Probation Department and to the government and comply with the conditions that he pay for electronic monitoring.

f. Pursuant to USA v Hurtado, 756F.Appx. 63(2nd Cir. 2018) 5F1.5(a) of the Guidelines, Mr. Williams must not use aliases or nominees or engage in occupation, business, profession, or volunteer activity that would require or enable him to engage in online advertising or e-commerce without the prior approval of the probation officer.

g. Mr. Williams shall not possess a firearm, ammunition or any destructive device.

DEFENDANT: Larby Amirouche -aka- Luke Williams
CASE NUMBER: 21CR64 [KAM]

# SPECIAL CONDITIONS OF SUPERVISION CONTINUE

### RESTITUTION

Mr. Williams is ordered to pay restitution in the amount of $114,171.59, due immediately and payable as set forth to the victim financial institutions. The identity and address information of the victim financial institutions are listed on the Order of Restitution that is attached hereto and incorporated herein. If the restitution amounts is not paid in full, interest will accrue as required by law. Restitution is due immediately and payable at minimum rate of at least $20 per month while in custody. Starting on the first day of the first month of release, he shall make monthly restitution payments at a minimum rate of not less than 10% of gross monthly income after deductions required by law or $300 per month, whichever is greater. Mr. Williams is encouraged to participate in the Bureau of Prisons Financial Responsibility Program, for assistance with making payments towards his restitution obligation. Payments shall be mailed to: The Clerk of Court (EDNY). US District Court. 225 Cadman Plaza East, Brooklyn, New York 11201, and shall reference the caption, USA v. Larby Amirouche aka Luke Williams, 21CR64 [KAM] and notation "restitution" on the check. Mr. Williams shall continue making monthly restitution payments on the first day of each month until the restitution amount is fully paid. The government shall provide the addresses of the financial institutions to the Clerk of Court. The Clerk of Court shall distribute restitution to the victims. Failure to pay the restitution, forfeiture and assessment will be considered a violation of supervised release. The Order of Restitution is attached hereto and incorporated herein.

### FORFEITURE

Pursuant to 18 U.S.C, § 982(a)(2). the defendant has consented to the entry of a forfeiture money judgment in the amount of one million eight hundred eighty-eight thousand six hundred forty-seven dollars and eighty-nine cents ($1,888,647.89) (the "Forfeiture Money Judgment"), as property, constituting, or derived from, proceeds obtained directly or indirectly as a result of the defendant's violation of 18 U.S.C. §§ 371 and 1344, and/or substitute assets, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b)(1). If the forfeiture amount is not paid in full, interest will occur. Failure to pay the forfeiture as directed will be considered a violation of supervised release. The Order of Forfeiture is attached hereto and incorporated herein.

DEFENDANT: Larby Amirouche -aka- Luke Williams
CASE NUMBER: 21CR64 [KAM]

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 100.00 | $ 114,171.59 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Payments shall be mailed to: | | | |
| BMO Harris Bank | $ 6,806.25 | $ 6,806.25 | |
| HSBC Bank | $20,571.54 | $20,571.54 | |
| Deutsche Bank | $15,977.46 | $15,977.46 | |
| Wells Fargo & Company | $52,227.47 | $52,227.47 | |
| Westamerica Bancorporation | $ 335.48 | $ 335.48 | |
| Merrick Bank | $13,091.41 | $13,091.41 | |
| Mission Valley Bank | $ 5,161.98 | $ 5,161.98 | |

The Clerk shall forward payments to the victim institutions at the addresses that will be provided to the Clerk.

| TOTALS | $114,171.59 | $ 114,171.59 | |
|---|---|---|---|

☑ Restitution amount ordered pursuant to plea agreement $ 114,171.59

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Larby Amirouche -aka- Luke Williams
CASE NUMBER: 21CR64 [KAM]

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ __114,271.59__ due immediately, balance due

☐ not later than _____ , or
☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

Mr. Williams is ordered to pay restitution in the amount of $114,171.59, due immediately and payable as set forth to the victim financial institutions. The identity and address information of the victim financial institutions are listed on the Order of Restitution that is attached hereto and incorporated herein. If the restitution amounts is not paid in full, interest will accrue as required by law. Restitution is due immediately and payable at minimum rate of at least $20 per month while in custody. Starting on the first day of the first month of release, he shall make monthly restitution payments at a minimum rate of not less than 10% of gross monthly income after deductions required by law or $100 per month, whichever is greater. Mr. Williams is encouraged to participate in the Bureau of Prisons Financial Responsibility Program, for assistance with making payments towards his restitution obligation. Payments shall be mailed to: The Clerk of Court (EDNY), US District Court, 225 Cadman Plaza East, Brooklyn, New York 11201, and 21CR64 [KAM] and notation "restitution" on the check. Mr. Williams shall continue making monthly restitution payments on the first day of each month until the restitution amount is fully paid. The government shall provide the addresses of the victim financial institutions to the Clerk of Court. The Clerk of Court shall distribute restitution to the victims. Failure to pay the restitution and assessment will be considered a violation of supervised release. The Order of Restitution is attached hereto and incorporated herein.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

Pursuant to 18 U.S.C, § 982(a)(2), the defendant has consented to the entry of a forfeiture money judgment in the amount of one million eight hundred eighty-eight thousand six hundred forty-seven dollars and eighty-nine cents ($1,888,647.89) (the "Forfeiture Money Judgment"), as property, constituting, or derived from, proceeds obtained directly or indirectly as a result of the defendant's violation of 18 U.S.C. §§ 371 and 1344, and/or substitute assets, pursuant to 21 U,S,C, § 853(p) as incorporated by 18 U,S,C, § 982(b)(1). If the forfeiture amount is not paid in full, interest will occur. Failure to pay the forfeiture as directed will be considered a violation of supervised release. The Order of Forfeiture is attached hereto and incorporated herein.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.