

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DCP
F. #2012R00103

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 10, 2024

<u>By Hand and ECF</u>

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Larby Amirouche
            <u>Criminal Docket No. 21-64 (KAM)</u>

Dear Judge Matsumoto:

      The government respectfully submits this in response to the defendant Larby
Amirouche's May 2, 2024 motion for bail pending resolution of his <u>pro se</u> amended motion for a
writ of habeas corpus pursuant to 28 U.S.C. § 2255. <u>See</u> ECF Docket No. 75 (May 2, 2024) (the
"Bail Motion"). For the reasons set forth below, the defendant's motion for bail should be
denied.

      I.    <u>Background</u>

      On May 5, 2022, the defendant waived indictment and pled guilty to a single
count information charging him with conspiracy to commit bank fraud, pursuant to 18 U.S.C.
§ 371. <u>See</u> ECF Docket No. 49. As the Court is aware, the defendant's guilty plea, following his
allocution of his criminal conduct under oath, stemmed from his leadership of a series of
fraudulent internet marketing schemes that defrauded consumers and banks. On November 3,
2023, following a lengthy sentencing hearing, the defendant was sentenced by the Court to 20
months' imprisonment, 3 years of supervised release, restitution in the amount of $114,171.59
and $1,888,647.89 of forfeiture. <u>See</u> ECF Docket No. 52. The defendant was represented at all
stages of the case by Michael Kushner, Esq.

      Following his sentencing and entry of the judgment, assisted by Mr. Kushner, the
defendant filed a notice of appeal. <u>See</u> ECF Docket No. 54 (Nov. 7, 2023). On December 28,
2023, the defendant, again represented by Mr. Kushner, requested an adjournment of the
defendant's surrender date to the Bureau of Prisons (the "BOP") from January 31, 2024 to March

29, 2024 for medical reasons.   The government did not oppose the request and the Court granted it on January 2, 2024.  See ECF Docket entry dated Jan. 2, 2024.

On March 18, 2024, the defendant and counsel purporting to represent him from the law firm Walden, Macht & Haran LLP (the "Walden Macht lawyers") began filing a litany of documents with the Court, including a second motion to delay the defendant's surrender date.[1] See ECF Docket No. 57.  The motion filed by the Walden Macht lawyers asked for the adjournment of the defendant's reporting date for medical reasons and, for the first time, raised allegations of ineffective assistance of counsel against Mr. Kushner.  On both March 25 and 26, 2024, the defendant filed two pro se motions to further delay his sentencing date.  See ECF Docket Nos. 58 and 64.  In those motions, the defendant also raised accusations against Mr. Kushner of ineffective assistance of counsel and requested the additional time to prepare a motion pursuant 28 U.S.C. § § 2255.  Id.  On March 27, 2024, the Court denied the motion for a delay of the defendant's surrender date filed by the Walden Macht lawyers, holding that it did "not find the reasons stated in [the] letter to support a further adjournment of Defendant's surrender date because BOP is capable of providing the necessary care and Defendant's counsel may assist him in preparing any post-conviction submission remotely or through in-person visits."  See ECF Docket Entry dated Mar. 27, 2024.  The Court denied the defendant's pro se request to adjourn his reporting date the same day.  See ECF Docket Entry dated Mar. 27, 2024.

On March 28 and 29, 2024, the defendant filed a "relocation request" and another motion for postponement of his surrender date to the BOP.  See ECF Docket Nos. 69 and 70.  The defendant's motions again raised medical concerns and alleged ineffective assistance of counsel.  The defendant reported to the BOP as ordered on March 29, 2024.  See ECF Docket No. 68.  The Court formally denied both of those motions on April 2, 2024.  See ECF Docket Entry dated Apr. 2, 2024.

On April 5, 2024, the defendant filed, pro se, an amended motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.  See ECF Docket No. 75.  On April 11, 2024, the Court issued a scheduling order directing the government to file a response to the defendant's motion by June 5, 2024 and gave the defendant until July 5, 2024 to file a reply.  See ECF Docket Entry dated Apr. 11, 2024.  The government mailed a copy of Your Honor's scheduling order, by certified mail, to the defendant on April 16, 2024.  See ECF Docket No. 74.  On May 2, 2024, the defendant filed the Bail Motion.  Your Honor ordered the government to respond to the Bail Motion by May 10, 2024.

---

[1] Between March 18 and April 5, 2024, it was not clear whether the Walden Macht lawyers who entered their notices of appearance on March 26, 2024 actually represented the defendant.  See ECF Docket Nos. 56, 57.  The defendant repeatedly denied that those lawyers represented him, see ECF Docket Nos. 59, 63, 72, and on April 5, 2024 those lawyers were removed from the docket after they could not confirm they represented the defendant.  See ECF Docket entry dated April 5, 2024.

II.   <u>Applicable Law</u>

Federal courts do have the "inherent power to enter an order affecting the custody of a habeas petitioner who is properly contesting the legality of his custody." <u>Ostrer v. United States</u>, 584 F.2d 594, 596 n. 1 (2d Cir. 1978); <u>see also</u> <u>Mapp v. Reno</u>, 242 F.3d 221, 226 (2d Cir.2001). However, courts in this Circuit have uniformly held, "[t]he standard for bail pending habeas litigation is a difficult one to meet." <u>Grune v. Coughlin</u>, 913 F.2d 41, 44 (2d Cir. 1990). Accordingly, "this power may only be exercised in special cases." <u>Mapp</u>, 242 F.3d at 226. As the Circuit held in <u>Ostrer</u>, "a habeas petitioner should be granted bail only in unusual cases, or when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." <u>Ostrer</u>, 584 F.2d at 596 n.1 (internal quotation marks and citations omitted).

When determining the propriety for granting bail in habeas petitions, courts should consider three factors. <u>First</u>, whether substantial claims are set forth in the habeas corpus petition. <u>Second</u>, whether there is a demonstrated likelihood the petition will prevail. <u>Third</u>, whether extraordinary circumstances for a petitioner's situation which would require the grant in order to make the writ of habeas corpus effective, if it were granted. <u>See</u> <u>Bennett v. United States</u>, 03-CV-1852 (SAS), 2004 WL 2711064, at *4 (S.D.N.Y. Nov. 23, 2004) (citing <u>Jackson v. Bennett</u>, 01-CV-8971, 2002 WL 126679, at *1 (S.D.N.Y. Jan. 30, 2002)).

III.   <u>Argument</u>

In the Bail Motion, the defendant advances four main arguments in favor of releasing him on bail to home confinement. First, the defendant argues that his ineffective assistance of counsel claims "deserve careful consideration by this Court" and raise "profound questions about the fairness and integrity of the proceedings." Bail Motion at 4,7. Second, he claims that the BOP is not providing the necessary treatment for his mental health issues. <u>Id.</u> at 4. Third, he asserts that his lack of criminal history and "strong ties to the community" make him "an ideal candidate for release." And finally, that the "relatively short duration" of his sentence means that he could serve a "substantial portion of his term" before his claims could be adjudicated. <u>Id.</u> at 5.

The defendant's motion should be denied. Even assuming the defendant has set forth substantial claims in his habeas motion, he cannot demonstrate a likelihood he will prevail on the habeas motion nor can he demonstrate extraordinary circumstances that require bail to make the habeas corpus effective. Your Honor appropriately denied the defendant's repeated motions for adjournment of his reporting date premised on similar grounds and nothing has changed to warrant a different conclusion just six weeks later.

The defendant's first claim, which is, at bottom, that his habeas petition raises serious issues on which he is likely to prevail on his claims of ineffective assistance of counsel is incorrect. In order to prevail on a claim for ineffective assistance of counsel, the defendant would have to meet the demanding standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Under <u>Strickland</u>, in order to succeed on a claim of ineffective assistance of counsel, a defendant must (1) show that counsel's representation fell below "an objective standard of

reasonableness" under "prevailing professional norms," and (2) "affirmatively prove prejudice." Strickland, 466 U.S. at 687-88, 693-94); accord Chang v. United States, 250 F.3d 79, 84 (2d Cir. 2001); Cullen v. United States, 194 F.3d 401, 403 (2d Cir. 1999). The two-prong Strickland standard is "highly demanding." Kimmelman v. Morrison, 477 U.S. 365, 382 (1986). This is because, as to the first prong, "a reviewing court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." United States v. Venturella, 391 F.3d 120, 135 (2d Cir. 2004) (quotation marks and citation omitted). As to the second prong, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The burden is on the defendant to establish both elements. See id. at 687.

In order to obtain release on bail, there must be a "demonstrated likelihood that the petition will prevail," based upon "claims of a substantial nature upon which the petitioner has a high probability of success," and demonstrating merits "that are more than slightly in petitioner's favor," so that "victory for petitioner can be predicted with confidence." Harris v. United States, No. 97 CIV. 1904 (CSH), 1997 WL 272398, at *1 (S.D.N.Y. May 21, 1997) (citing Richard v. Abrams, 732 F.Supp. 24, 25 (S.D.N.Y. 1990)).

The defendant's ineffective assistance of counsel allegations simply do not meet this exacting standard. While he has raised a litany of issues that he maintains demonstrate ineffective assistance of counsel, many of the defendant's claims allege a failure by counsel to communicate, a purported promise of a non-incarceratory sentence and the post-hoc assertions that defense counsel either ignored or did not investigate legal and factual issues. The government is still reviewing and investigating each of the numerous allegations leveled by the defendant, and the government intends to respond to each of them by June 5, 2024.[2] The government has also contacted Mr. Kushner to see if he would like to submit an affidavit responding to any of the allegations. But the government respectfully submits that none of the allegations, even if taken as accurate, demonstrate that "victory for petitioner can be predicted with confidence." Harris, 1997 WL 272398 at *1 ("[o]ne can conceptualize a habeas petition where fundamental trial defects are so readily apparent that the Court can at an early stage determine that there is a 'demonstrated likelihood' or 'high probability' of success, thereby justifying bail. But this is not such a case, notwithstanding Harris's vehement contentions to the contrary."); see also Bennett v. United States, 03-CV-1852 (SAS), 2004 WL 2711064, at *4 (S.D.N.Y. Nov. 23, 2004) (noting that the defendant "has not demonstrated that he is likely to succeed on the merits of his ineffective assistance of counsel claims or provided evidence of extraordinary circumstances that would require the granting of bail to make the habeas corpus remedy effective."). Many of the claims Amirouche makes are either unsupported by the

---

[2] In just three weeks, the Court will have the benefit of the government's full response to the merits of the defendant's petition. As the court noted in Harris when it denied the petitioner's motion for bail, "the government is entitled to have the Court's digestive efforts assisted, to the extent that they will be, by a full prosecutorial response. The government's discussion of the merits in its letter brief opposing bail is perforce preliminary and incomplete." Harris v. United States, 97-CV-1904 (CSH), 1997 WL 272398, at *2 (S.D.N.Y. May 21, 1997).

evidence or simply insufficient as a matter of law.[3]  This is particularly the case where Amirouche knowingly and voluntarily pled guilty to the conduct charged in the superseding information and twice, under oath, affirmed that he was satisfied with counsel.  While these facts, standing alone, are not dispositive, they help to demonstrate that the defendant's claims do not meet the exacting legal framework for release.

Second, the defendant's assertion that bail pending resolution of his habeas motion is mandated because the BOP is not providing him with adequate care should also be rejected.  The defendant claims that the lack of medical care is an exceptional circumstance that merits his relief and supports it with the summary assertion that the BOP has provided a "callous indifference" to the defendant's medical care because it has not provided him with each of the medications he was prescribed prior to reporting to the BOP.  Bail Motion at 8.  As an initial matter, the defendant concedes that the BOP is providing him with some medication and has not provided any documentary evidence that the BOP doctors are wrong in their independent assessment of his required medication.  Even if true, the fact that BOP doctors did not follow the exact same treatment regimen as his prior doctors does not mean that the BOP doctors are demonstrating a "callous indifference," much less that they are wrong in their treatment.  Moreover, the defendant has not raised this issue to the Court or the government at any point prior to filing the Bail Motion.  Nevertheless, the government has reached out to BOP staff at the defendant's facility to obtain medical records of the defendant's prescriptions and inquire whether BOP medical staff believe that regiment is appropriate.  The government will update the Court in its response to the defendant's motion for a writ of habeas corpus on June 5, 2024.

Third, the fact that the defendant is not a flight risk and does not have a prior criminal history are not extraordinary circumstances that merit releasing the defendant on bail pending resolution of his habeas petition.  Put simply, those factors are simply irrelevant.  The defendant has been convicted of a crime and was sentenced by the Court following that conviction.  Whether he is a flight risk or has a criminal history has no bearing on whether this extraordinary relief is merited.  As the Court noted in United States v. Garcia, "'[t]he eligibility of a habeas petitioner for bail is not on the same footing as that of a pretrial accused who is presumptively innocent, or that of a convicted defendant on direct appeal, both of whom have a right to bail' unless the court finds certain circumstances exist that advise against bail.'"  United States v. Garcia, 09-CR-330 at 8 (KAM) (memorandum & order dated March 6, 2018) (citing Ostrer, 584 F.2d at 599).

---

[3] The majority of Amirouche's Bail Motion is devoted to his assertion that "[t]he disturbing pattern of ineffective assistance of counsel claims that have been leveled against [Kushner] not only by him but, as set forth herein, but [sic] upwards of 60 former clients, which lends substantial credence to Mr. William's own claims of deficient representation."  Bail Motion at 7, 15-27.  The government has not had a chance to review the defendant's claims, but the notion that 60 former clients have leveed accusations against Mr. Kushner is patently false.  Moreover, many of the claims that the defendant referenced were, by his own admission, dismissed and, most importantly, the notion that prior unsubstantiated claims were filed against an attorney in a different case demonstrate the validity of the defendant's claims, is without merit.

Finally, the defendant's assertion that extraordinary circumstances are present because he would be required to serve a substantial portion of his prison term before his claims are resolved is not a legally cognizable reason to grant bail.  As this Court has noted, "[t]he fact of incarceration alone does not constitute an unusual or extraordinary sentence."  United States v. Garcia, 09-CR-330 at 8 (citing Harris v. United States, 97-CV-1904, 1997 WL 272398, at *1 (S.D.N.Y. May 21, 1997)).  In Harris, the court held that "[t]he fact that [petitioner's] postpetition incarceration will have been without just basis if his petition eventually succeeds does not constitute an extraordinary[] circumstance entitling him to bail."  Id.  In Garcia, the Court applied that standard and denied a petition for bail pending habeas where the defendant had served less than one-third of his sentence.  A similar conclusion is warranted here where, as of the time of this letter, the defendant has served exactly six weeks of a 20 month sentence. Furthermore, despite the defendant's summary assertion that his petition will take "years" to complete, the Court has already taken action to minimize the amount of time the defendant would serve in the event the Court deems the defendant's application meritorious.  The Court has ordered an expedited briefing schedule where all submissions will be filed with the Court by early July 2024 – just four months after the defendant began his sentence.

IV.    Conclusion

For the foregoing reasons, the government respectfully submits that the defendant's motion for bail should be denied.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s/ David C. Pitluck
       David C. Pitluck
       Assistant U.S. Attorney
       (718) 254-6108

cc:    Clerk of Court (KAM) (by ECF)
       Larby Amirouche (by Certified U.S. Mail)