**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DCP
F. #2012R00103

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 26, 2024

By Hand and ECF

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Larby Amirouche
Criminal Docket No. 21-64 (KAM)

Dear Judge Matsumoto:

The government respectfully submits this letter in opposition to another motion filed by the petitioner Larby Amirouche ("Amirouche" or the "Petitioner"), this one to compel the government to disclose any and all potentially exculpatory or impeaching information in its possession." See ECF Docket No. 92 (July 21, 2024) (the "Motion"). For the reasons set forth below, the Motion is meritless and should be denied.

I. Background

As the Court is aware, since the Petitioner filed an amended pro se petition to vacate his conviction and sentence pursuant to 18 U.S.C. § 2255 in April 2024, see ECF Docket No. 73 (the "Petition"), purportedly alleging ineffective assistance of trial counsel, he has filed repeated motions seeking broad and voluminous discovery in an attempt to relitigate his case. On July 12, 2024, he filed a motion for the government to produce "Grand Jury Transcripts and Related Materials Pursuant to FRCP 6(e)" and on July 15, 2024, he filed a motion to "Compel Production of Discovery and for Judicial Notice." See ECF Docket Nos. 89 and 90. The Court denied both of those motions on July 22, 2024.[1] The Petitioner's motion for discovery included unsupported allegations that material had been "withheld" from him, even as he admitted that the

[1] In the Court's July 22, 2024 order, Your Honor requested that the Petitioner's former lawyer, Michael Kushner, Esq., again provide the government's discovery to the Petitioner at FCI Thomson. The government has provided the Court's order to Mr. Kushner and understands that Mr. Kushner is providing that discovery to the Petitioner.

government had provided the requested documents to his counsel before he pled guilty. While those motions were pending before the Court, the Petitioner filed the instant Motion.

II.     Applicable Law

Pursuant to Rule 6(a) of the Rules governing § 2255 Proceedings, a habeas petitioner is entitled to discovery only if the petitioner shows "good cause." 28 U.S.C. § 2255; see also United States v. Durrani, 115 F. App'x 500, 502-03 (2d Cir. 2004). The Rules also grant the court discretion in making a discovery determination. Id. In order to determine whether a habeas petitioner has shown good cause, a court looks for reasons to believe that the petitioner would be able to show he or she is entitled to relief "if the facts are fully developed." Fan v. United States, 15-CV-4169 (DLI), 2019 WL 2503995 at *4 (E.D.N.Y. June 17, 2019) (citing Bracy v. Gramley, 520 U.S. 899, 908-09 (1997) (internal citations and quotation marks omitted)); see also Locurto v. United States, 2016 WL 7031556, *1 (E.D.N.Y. Dec. 1, 2016).

To show good cause, a petitioner must make "specific allegations" to demonstrate that he or she is entitled to relief. Rodriguez v. United States, 14-CV-6134 (KAM), 2020 WL 7861383 (E.D.N.Y. Dec. 31, 2020) (citing Bracy, 520 U.S. at 908-09). A court can deny a request for discovery if a petitioner is simply engaging in a "fishing expedition" without showing specific facts that would support a habeas petition. Charles v. Artuz, 21 F. Supp. 2d 168, 169 (E.D.N.Y. 1998). Accordingly, a petitioner "bears a heavy burden in establishing a right to discovery." Rodriguez, 2020 WL 7861383 at * 23 (citing Bracy, 520 U.S. at 904).

III.    Argument

Petitioner's motion should be denied as a baseless fishing expedition. Amirouche has made a series of very expansive requests for wide swathes of information, including: (a) "any and all evidence demonstrating there were no losses" suffered by victim banks, including "documents, records or communications" the banks and "government memoranda, correspondence, or other materials reflecting the prosecution's awareness that there was no proof of actual loss"; (b) documents that the "alleged fraudulent scheme did not directly target or cause losses to FDIC-insured financial institutions;" (c) any communications between the government and Mr. Kushner that "could support [Petitioner's] claims of ineffective assistance; and (d) "any impeaching information regarding government witnesses" including any prior inconsistent statements of witnesses and criminal or disciplinary records. Mot. at 2-7. Amirouche claims that all of this material is requested to "fully develop the record in support of his claims, and to ensure that all relevant evidence is before the Court." Id. at 2. Amirouche also asserts, without any factual support, that "the government's disclosures to date have been selective, misleading and incomplete." Id. at 10.

In the first instance, Amirouche has not come close to showing good cause by making "specific allegations" how the sought after information would help develop his claims. Indeed, the nature of his requests make plain that they are a broad fishing expedition "merely to determine whether the requested items contain any grounds that might support his petition, and not because the documents actually advance his claims of error." Rodriguez, 2020 WL 7861383 at *23 (citing Artuz, 21 F. Supp. 2d at 169). Amirouche makes nothing more than broad,

2

generalized requests for information that he believes will support his attempt to relitigate his guilty plea and sentence. Amirouche has made no specific allegations that such discovery exists or that it would be exculpatory in the face of his guilty plea and allocution – he simply posits that the information "could" exist and that, if it did, it could support his claims.[2] Such claims are legally insufficient to meet the high burden of ordering discovery. See Pizzuti v. United States, 2017 WL 1180911, at *6 (S.D.N.Y. Mar. 29, 2017) ("[g]eneralized statements regarding the possibility of the existence of discoverable material will not be sufficient to establish the requisite 'good cause.'").

Moreover, Amirouche has not shown good cause that the information he seeks would help support a claim he has made in the Petition. As the government has made plain in its opposition to the Petition and Amirouche's other motions, the only claims that are relevant to this Motion is whether his trial counsel was constitutionally ineffective in his representation. See, e.g., Government's Opposition at 23. And since the only claims Amirouche has not waived are those alleging ineffective assistance of counsel, "to be proper, any discovery must be focused on seeking information that, if fully developed, would support either prong of the Strickland test." Fan, 2019 WL 2503995 at *4. Accordingly, the only discovery that would be relevant (if Amirouche could make specific allegations and demonstrate good cause) would be that bearing on whether counsel's performance was ineffective and that he suffered prejudice. While Amirouche plays lip service that some of the information is relevant to his ineffective assistance of counsel claims, it is clear that the information he seeks is solely to investigate and relitigate claims that he has waived with his guilty plea and allocution.[3]

For example, Amirouche makes a number of purported Brady requests based on his belief that the financial institutions connected to his case suffered no "actual loss." Mot. at 3-7. Although Amirouche believes this fact is exculpatory, it is not, even if it were true. It is well established that to demonstrate a violation of bank fraud pursuant to 18 U.S.C. § 1344, the government is not required to establish actual loss, just that there was a scheme to defraud a financial institution with the intent to obtain money or other property from the financial

---

[2] To be clear, contrary to Amirouche's baseless accusations, the government has not withheld anything from Amirouche at any stage. It produced all Rule 16 information prior to the defendant's plea and has complied and continued to comply with its Brady obligations. That Amirouche now asserts otherwise, without any support other than that belief, is simply inaccurate.

[3] Amirouche's demands for the government's internal communications and communications with Mr. Kushner are both improper and plainly a fishing expedition. The government's internal memoranda and communications are plainly protected by the work-product doctrine and by Rule 16(a)(2) of the Federal Rules of Criminal Procedures, which specifically exempts from disclosure "reports, memoranda, or other internal government documents made by an attorney for the government or any other government agent in connection with investigating or prosecuting the case." See United States v. Gangi, 1 F. Supp. 2d 256, 263 (S.D.N.Y. 1998) (citing Fed.R.Cr.P 16(a)(2)). With regard to the government's communications with Mr. Kushner, Amirouche does not assert specific allegations of why those materials would help his ineffective assistance of counsel claims, only that they "could." Mot. at 5-6.

institution.  See 18 U.S.C. § 1344; see also United States v. Laljie, 184 F.3d 180, 189 (2d Cir. 1999) ("actual or potential loss to the financial institution need not be proven, so long as there is evidence that the defendant intended to expose the institution to such loss…").  Which is precisely what the Petitioner allocated to, under oath, at his guilty plea.  See Government's Opposition at 5-6 (citing transcript of the Petitioner's guilty plea).  As a result, Amirouche's claims of ineffective assistance for purportedly failing to contest an issue that was not germane to the defendant's guilt are baseless.  While Amirouche may now believe this is an important issue, it does not constitute ineffective assistance for his counsel not to contest that claim.  Moreover, Amirouche has waived those claims and, as a result, his belief does provide a basis for ordering broad discovery.

Similarly baseless are Amirouche's requests for impeachment materials.  It is plain that Amirouche now demands those records in an effort to relitigate his case, not to advance claims of ineffective assistance of counsel.  Indeed, he does not (and cannot) even claim that this request is to obtain materials that support his claims that Mr. Kushner was ineffective.  Mot. at 6-7 (asserting that the requested materials "could be used to impeach their credibility at an evidentiary hearing").  Amirouche has not even asserted in the Petition that Mr. Kushner was somehow ineffective for not obtaining and reviewing impeachment materials pursuant to Giglio or the Jencks Act, which is not surprising given that Petitioner pled guilty before any hearing or a trial was even scheduled.  Accordingly, he cannot meet the heavy burden of obtaining discovery over those materials.

IV.     Conclusion

For the foregoing reasons, the government respectfully submits that the Petitioner's motion should be denied.

                                        Respectfully submitted,

                                        BREON PEACE
                                        United States Attorney

By:     /s/ David C. Pitluck
        David C. Pitluck
        Assistant U.S. Attorney
        (718) 254-6108

cc:   Clerk of Court (KAM) (by ECF)
      Larby Amirouche (by Certified U.S. Mail)