

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

HDM:DCP                                    *271 Cadman Plaza East*
F. #2012R00103                             *Brooklyn, New York 11201*

November 18, 2024

By ECF and E-mail

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:    United States v. Larby Amirouche
                Criminal Docket No. 21-64 (KAM)

Dear Judge Matsumoto:

        The government respectfully submits this memorandum in opposition to Petitioner Larby Amirouche's ("Amirouche" or "Petitioner") pro se motion, for the Court to reconsider its September 13, 2024 Order denying Amirouche's Petition under 28 U.S.C. § 2255, for vacatur of his conviction and sentence. See ECF Docket No. 116 (the "Motion for Reconsideration"). For the reasons set forth below, the Motion for Reconsideration is meritless and should be denied in its entirety.

      I.    Procedural History

        As the Court is aware, on May 5, 2022, Petitioner waived indictment and pled guilty to a single count information, pursuant to a plea agreement with the government, charging him with conspiracy to commit bank fraud, pursuant to 18 U.S.C. § 371. See ECF Docket No. 49. The government has described the details underlying the defendant's conviction, his guilty plea and his sentencing in prior submissions to the Court and will not rehash them here. See, e.g., ECF Docket No. 44 (Oct. 30, 2023) and ECF Docket No. 94 (July 26, 2024).

        On April 5, 2024, Petitioner filed an amended pro se petition to vacate his conviction and sentence pursuant to 18 U.S.C. § 2255. (See ECF Docket No. 73, hereinafter the "Petition"). In a submission constituting nearly 100 pages, Amirouche raised a litany of challenges to his conviction and his sentence. When distilled, many of the claims alleged ineffective assistance of counsel against Amirouche's defense counsel, Michael Kushner, Esq., including allegations that counsel (i) promised the Petitioner he would receive a sentence of supervised release; (ii) coerced the Petitioner into a guilty plea; (iii) failed to review discovery, including with the Petitioner; (iv) failed to communicate with the Petitioner prior to plea and

sentencing; (v) failed to review or contest the PSR; (vi) failed to represent the Petitioner effectively at sentencing; and (vii) failed to raise a statute of limitations defense. After he filed the Petition, Amirouche also filed a litany of ancillary motions with the Court, including motions to produce Grand Jury transcripts, compel production of discovery, compel production of purported <u>Brady</u>/<u>Giglio</u> materials and for judicial notice. <u>See</u> ECF Docket Nos. 89, 90, 92, 95 98, 100 and 101.

The government responded to the Petitioner's motion and the Petitioner filed a reply brief. <u>See</u> ECF Docket Nos. 94, 108. In a written opinion dated September 13, 2024, the Court denied the Petition and each of the ancillary motions. The Court held that the Petitioner's ineffective assistance of counsel claims were meritless and that Kushner had negotiated a plea agreement that reduced Petitioner's sentencing exposure and secured a sentence well below the applicable Sentencing Guidelines. <u>See</u> ECF Docket No. 109 (Sept. 13, 2024, hereinafter the "Opinion" or "Op.") at 22. In the Opinion, the Court carefully addressed each of Amirouche's ineffective assistance of counsel claims and concluded that Amirouche could not demonstrate deficient performance or prejudice on any of the claims.

On October 5, 2024, Amirouche filed a motion seeking an extension of time to file the Motion for Reconsideration, which was granted by the Court on October 7, 2024. <u>See</u> ECF Docket No. 113. On October 30, 2024, the Petitioner filed the Motion for Reconsideration.[1] The Motion for Reconsideration, which also spans more than 100 pages, is based on the Court's purported "manifest errors of law and fact, its failure to address critical evidence and arguments presented in [the Petition] and subsequent filings, and the need to correct clear errors and prevent manifest injustice."[2] Motion for Reconsideration at 1. The Motion for Reconsideration claims that "the Court's ruling reflects a troubling bias against [Petitioner] and a fundamental misunderstanding of the constitutional violations that infected every stage of the proceedings against him." <u>Id.</u> As discussed further below, the Motion for Reconsideration consists of (i) recast claims of ineffective assistance that Amirouche has already raised in the Petition that have been rejected by the Court; (ii) new claims that are improperly raised; and (iii) improper direct attacks on his conviction and sentence. In the Motion for Reconsideration, Amirouche not only challenges the Court's decision regarding his ineffective assistance of counsel claims, he also challenges the validity of his guilty plea and sentence and claims the Court's errors warrant vacatur of his conviction. <u>Id.</u> at 2.

Finally, on November 3, 2024, the defendant filed a motion pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Illinois (the "NDIL") alleging ineffective assistance of counsel against the attorney who represented him for purposes of his removal proceedings from that district to face prosecution in this District. <u>See</u> ECF

---

[1] As the government noted in a recent filing to the Court, it did not receive Petitioner's motion until November 1, 2024. <u>See</u> ECF Docket No. 119.

[2] The Petitioner does not provide a legal basis underlying his claims in the Motion for Reconsideration. However, in his motion for an extension of time to file the Motion for Reconsideration, Petitioner referenced that the motion would be brought pursuant to Federal Rule of Civil Procedure 59(e). <u>See</u> ECF Docket No. 113.

Docket No. 118 (the "NDIL Petition"). The NDIL Petition was filed on the docket in this case the same day, November 3, 2024.  Id.  As part of his motion in the NDIL, the defendant asked the NDIL Clerk of Court to assign the motion to a district or magistrate judge in the NDIL to resolve, as well as for an emergency hearing and his immediate release from custody.[3]

II.    Standard of Review

        Under Federal Rule of Civil Procedure 59(e), "[r]econsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  Diaz v. Bellnier, 974 F. Supp. 2d 136, 142-43 (E.D.N.Y. 2013) (quoting Hidalgo v. New York, No. 11-CV-5074, 2012 WL 3598878, *1 (E.D.N.Y. Aug. 20, 2012)).  Under the applicable "strict standard," which is committed to the Court's sound discretion, reconsideration should "generally be denied unless the moving party can point to controlling decisions or data that the Court overlooked," which "might reasonably be expected to alter the conclusion reached by the court."  Id. (quoting Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)).  Importantly, a party moving for reconsideration must not only demonstrate that the court overlooked data or controlling precedent, he or she must also show that that data or authority was "put before [the court] on the underlying motion" and that had the Court considered that information, it "might have reasonably altered" the Court's decision.  Smith v. Schweiloch, No. 12-CV-3253, 2012 WL 2277687, at *1 (S.D.N.Y. June 18, 2012).

        Accordingly, it is "well settled that a motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (quoting Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998) (internal quotation marks omitted). This is because allowing reconsideration to be used for such improper purposes would we be a "waste of judicial resources." Diaz, 974 F. Supp. 2d at 139 (quoting Stoner v. Young Concert Artists, Inc., No. 11-CV-7279, 2013 WL 2425137, at *1 (S.D.N.Y. May 20, 2013)).

III.    Argument

        a.    The Motion for Reconsideration Should be Denied

        As an initial matter, the vast majority of the Motion for Reconsideration reiterates the baseless claims that Amirouche has already raised in the Petition and which have already been rejected by the Court.  In doing so, Amirouche "does not argue that the Court overlooked controlling precedent, but instead attempts to relitigate issues already presented to and decided by the Court."  United States v. Basciano, No. 05-CR-060 (NGG), 2009 WL 8673013, at *2

---

[3] On November 12, 2024, the defendant filed another § 2255 Petition in the NDIL which was entered into the docket in this District this afternoon, November 18, 2024.  See ECF Docket No. 121.  The government has not had sufficient time to ascertain what, if anything, is different between the two petitions filed in the NDIL or why the Petitioner made multiple filings in the NDIL.

(E.D.N.Y. Jan. 20, 2009) (denying motion for reconsideration); see also Dejohn v. United States, No. 505-CR-34710 (NAM), 2015 WL 13308897, at *3 (N.D.N.Y. Nov. 5, 2015) (holding that Rule 59(e) may not be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.") (Citing ING Global v. United Parcel Serv. Oasis Supply Corp., 757 F.3d 92, 97 (2d Cir. 2014)).

Amirouche first argues that the Court erred by overlooking controlling law when it rejected his statute of limitations claim. See Motion for Reconsideration at 2 (claiming that the Court "overlooked controlling law that required dismissal of the time-barred charge"). The only controlling case in the context of ineffective assistance of counsel that Amirouche claims that the Court failed to consider is Hansel v. United States, 70 F.3d 6 (2d Cir. 1995). See Motion for Reconsideration at 12-13. But Hansel is inapposite to this case and would not have reasonably altered the Court's decision. In Hansel, the Second Circuit reversed a defendant's conviction on two of eight counts after it found ineffective assistance of counsel when Hansel's defense attorney failed to apprise the defendant of the statute of limitations offense and two of the counts were facially brought outside of the applicable statute of limitations. Id. at 5-6. The Second Circuit found that counsel was ineffective for failing to raise the facially time-barred counts to the defendant and that counsel's decision was not justified by strategy, such as to negotiate a favorable plea agreement, because the defendant pled without a plea agreement. Id. at 6. The facts in Hansel are markedly different than this case, as the Court acknowledged in its Opinion. Unlike in Hansel, the indictment in Amirouche's case facially valid and a motion to dismiss on statute of limitations grounds would have been futile. Moreover, unlike in Hansel, Amirouche contemplated a statute of limitations defense and chose to plead guilty regardless. The defendant in Hansel was not afforded that opportunity and did not have a plea agreement.[4] Accordingly, Hansel does not provide a basis to exercise the extraordinary remedy of reconsideration.

Perhaps more tellingly, the bulk of Amirouche's arguments in the Motion for Reconsideration are focused on a substantive challenge to the statute of limitations for his indictment and superseding information, which are not a part of the Petition and not relevant to the Court's decision in the Motion for Reconsideration. For example, Amirouche asserts that the Court did not address "controlling law" in United States v. Grady, 544 F.2d 598 (2d Cir. 1976). Grady, which Amirouche did not raise in the Petition, stands for the basic proposition that "a superseding indictment brought at any time while the first indictment is still validly pending, if and only if it does not broaden the charges made in the first indictment, cannot be barred by the statute of limitations." Id. at 601-02. But the holding in Grady plays no role in the Motion for Reconsideration. The issue before the Court in the Petition was not whether the indictment was properly brough within the statute of limitations. The only issue was whether Mr. Kushner was ineffective for not challenging the statute of limitations, which the Court found he was not.

---

[4] In the Motion for Reconsideration, Amirouche cites two cases that he claims the Court relied on when denying his claims related to ineffective assistance of counsel for failing to raise a statute of limitations claim; United States v. Broce, 488 U.S. 563 (1989) and United States v. Doyle, 348 F.2d 715 (2d Cir. 1965). See Motion to Reconsider at 13. The government could not locate any instance in the Court's opinion where it cited or even mentioned Broce or Doyle. While the Court's analysis of Amirouche's claims were rooted in precedent, see Op. at 39-40, which Amirouche does not address, the Court did not appear to rely on Broce or Doyle.

Neither <u>Grady</u>, nor any of the case law the defendant cites, changes that analysis. Amirouche's argument is nothing more than an attempt to litigate his erroneous belief that the original indictment was filed outside of the statute of limitations period. <u>See id.</u> at 2 ("Because the applicable statute of limitations for the charged offenses was five years . . . the limitations period expired no later than April 21, 2020, more than nine months before the indictment was filed. This was a jurisdictional defect that deprived the Court of the power to hear the case and required dismissal of the indictment."). But, as the Court noted in the context of the Petitioner's ineffective assistance of counsel claims, the indictment was facially valid and Mr. Kushner was not ineffective for not challenging it. Op. at 39-40.

The rest of the claims Amirouche raises in the Motion for Reconsideration suffer from similar deficiencies. For instance, Amirouche reraises claims of ineffective assistance of counsel that were already rejected by the Court. <u>See, e.g.</u>, Motion to Reconsider at 60-62 and 74-76. Rather than point to controlling law or data that the Court failed to address, Amirouche simply reasserts the same claims that were rejected by the Court in its Opinion. Rather than identify such controlling law or facts, Amirouche simply criticizes the Court for failing to order Mr. Kushner to submit an affidavit or credit the hearsay affidavit submitted by Hadley Rose Staley.[5] Amirouche's criticisms are unaccompanied by any legal requirement or citation and are insufficient to warrant granting a motion for reconsideration.

Moreover, Amirouche raises new claims in the Motion for Reconsideration, which are both legally improper and factually incorrect. For instance, Amirouche raises, for the first time, that the Court "lacked jurisdiction" over the case because the alleged overt acts did not take place in the Eastern District of New York. <u>See</u> Motion for Reconsideration at 17. Not only is this improperly raised for the first time in a motion for reconsideration, <u>see</u> <u>Analytical Surveys, Inc.</u> at 52, Amirouche's claim does not even allege ineffective assistance of counsel and thus would have been waived if brought as part of the Petition.[6]

---

[5] Amirouche summarily asserts that Ms. Staley's affidavit "is not hearsay because she had personal knowledge of the facts sworn to therein." Motion for Reconsideration at 70. As the Court properly noted, Ms. Staley's affidavit includes hearsay because the information therein was what Amirouche told her Kushner said, the very definition of hearsay. Regardless, for the reasons set forth in the government's opposition to the Petition, nothing that Amirouche cites from Ms. Staley's affidavit in the Motion for Reconsideration merits a different result.

[6] Nor could Amirouche have alleged ineffective assistance of counsel for failure to challenge venue. As part of his plea allocution, Amirouche was advised of venue and did not dispute it. <u>See</u> transcript of change of plea hearing, dated May 5, 2022, at 29-30 (Ex. A to ECF Docket No. 85) ("THE COURT: All right. Basically, Mr. Amirouche, I don't know if you've talked about venue, but some or part of the crime or the offense or the proceeds of the offense had to flow through the Eastern District of New York. And Mr. Pitluck has just described that one of the victim banks is headquartered here in the Eastern District of New York, and some of the funds flowed through this district that were part of the scheme in which you engaged. Do you have any dispute with that? THE DEFENDANT: No, Your Honor."). In the Motion for Reconsideration, Amirouche misleadingly omitted this portion of the plea transcript in an

The vast majority of Petitioner's Motion for Reconsideration is devoted to a frontal attack on his conviction and sentence that is completely untethered to any allegation of ineffective assistance of counsel.  Amirouche attacks the basis of his guilty plea and plea colloquy (Motion for Reconsideration at 22-28, 56), the purported lack of victims (id. at 28) or loss (id. at 31), the statute of limitations (id. at 2), the waiver of indictment (id. at 45) and baseless accusations of prosecutorial misconduct and Brady violations (id. at 63, 66).  Amirouche does not even attempt to frame these as claims based on ineffective assistance of counsel and, therefore, none of these are properly before the Court particularly as part of a Motion for Reconsideration.  While Amirouche clearly regrets his guilty plea and would like to relitigate his case, he has waived his right to do so and a motion for reconsideration is not the appropriate forum.  Amirouche has not presented made the "requisite showing that this Court overlooked any factual matters or controlling decisions that were before it when it decided the motion to dismiss."  John v. United States, No. 09-CV-3116 (GBD), 2011 WL 347188, at *1 (S.D.N.Y. Feb. 3, 2011) (citing Eisemann v. Greene, 204 F.3d 393, 395 n.2 (2d Cir.2000))

Finally, to the extent that Amirouche isolates specific cases or claims that the Court did not specifically address in its opinion, a Court's decision not to address every aspect of a petitioner's claims does not warrant reconsideration. See Moore v. T-Mobile USA, Inc., No. 10-CV-527 (SLT) (CLP), 2013 WL 55799, at *3 (E.D.N.Y. Jan. 2, 2013), aff'd, 548 F. App'x 686 (2d Cir. 2013) ("[T]hat this Court did not discuss this meritless argument . . . should not be misconstrued as evidence that this Court overlooked this argument"); see also Campbell v. New York City Transit Auth., No. 11-CV-2827 (MKB), 2015 WL 7455842, at *8 (E.D.N.Y. Nov. 23, 2015) (rejecting reconsideration and reasoning that "[t]hese factual matters were all before the Court on the underlying summary judgment motion and . . . . [that] Plaintiff has not shown that any of these factual discrepancies had any impact, much less a material impact, on the Court's determination.").

For each of the foregoing reasons, the Motion for Reconsideration should be denied.

b. The NDIL Petition Should be Transferred to the Second Circuit

Amirouche was arrested on the indictment filed in this case in the Eastern District of New York while he was located in the NDIL.  On February 23, 2021, the defendant had his initial appearance in the NDIL and, following a hearing was ordered removed to this district. See United States v. Amirouche, 21-CR-127 (NDIL) (ECF Docket No. 2).  The defendant asserts that he was represented at that hearing by an appointed attorney for purpose of the hearing. (NDIL Petition at 1-2).  The NDIL Petition primarily alleges ineffective assistance of counsel against the attorney who represented him in connection with his removal from the Northern District of Illinois.  The defendant now claims that he is not aware if he consented to removal

---

attempt to make it appear that Mr. Kushner was the only one who waived venue or that the government "attempt[ed] to manufacture venue."  See Motion for Reconsideration at 19.

and waiving an identity hearing and asserts there are "grave doubts" as to whether he could have knowingly and voluntarily agreed to his removal.  NDIL Petition at 2.[7]

      As this is the first time that the Petitioner has raised any issues related to his removal from the Northern District of Illinois, the government is not in a position to address any of the claims raised in the NDIL Petition.  However, for the reasons set forth below, the NDIL Petition is a second or successive motion under § 2255 that was filed without the permission of a court of appeals and should be transferred to the court of appeals for a determination of whether such a motion should be authorized.

      In the first instance, the NDIL Petition should have been brought in this district, not the Northern District of Illinois.  Second or successive petitions pursuant to 28 U.S.C. § 2255 should be brought in the district that presided over the case.  See Wright v. Nash, 84 F. App'x 143, 146 (2d Cir. 2004) ("Wright was convicted and sentenced in the District of South Carolina, so venue with respect to any successive § 2255 motion would lie with that court.").

      Section 2255 ordinarily allows a federal prisoner to make only one Section 2255 motion and prohibits "[a] second or successive motion" unless the defendant has first received permission from the Second Circuit. 28 U.S.C. § 2255(h); see also Mallay v. Moser, No. 21-CV-02659 (HG), 2023 WL 1929301, at *3 (E.D.N.Y. Feb. 10, 2023).   A second or successive motion is one that is filed after a previous § 2255 motion was decided on the merits.  See Mendoza v. Jamison, 08-CR-0482 (PKC), 2022 WL 3329464, at *1 (S.D.N.Y. July 14, 2022).  Pursuant to § 2255, a panel of a court of appeals must certify second or successive motion if it contains:

      (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

      (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

See 28 U.S.C. § 2255(h); see also Liriano v. United States, 95 F.3d 119, 120 (2d Cir. 1996).

      In this case, the NDIL Petition was filed after the Court denied the Petition (Amirouche's first § 2255 motion) on the merits and is thus a second or successive § 2255 motion.  Moreover, Amirouche has not indicated whether he has received authorization from a court of appeals to file a second or successive § 2255 motion.  Courts have held, in the interest of justice, because second or successive Section 2255 motions should be transferred to the appropriate court of appeals.  See Liriano, 95 F.3d at 122-23.  Accordingly, this Court should

---

[7] The bulk of the NDIL Petition is devoted to re-raising the same challenges to his conviction in this district, including related to the statute of limitations, the purported lack of victims or loss, problems with his guilty plea and venue.  See, e.g., NDIL Petition at 10-12.

transfer the NDIL Petition to the Second Circuit for a determination of whether Amirouche can refile the NDIL Petition as a second or successive petition in this Court.[8]

IV.    Conclusion

For the foregoing reasons, the government respectfully submits that the Motion for Reconsideration should be denied in its entirety and that the NDIL Petition should be transferred to the Second Circuit Court of Appeals.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s/ David C. Pitluck
David C. Pitluck
Assistant U.S. Attorney
(718) 254-6108

cc:    Clerk of Court (KAM) (by ECF)
Larby Amirouche (by Certified U.S. Mail)

---

[8] As noted above, the NDIL Petition does not contain newly discovered evidence that no reasonable factfinder would have found the movant guilty of the offense nor does it contain a new rule of constitutional law.