

U.S. Department of Justice

United States Attorney
Eastern District of New York

DCP
F. #2012R00103

271 Cadman Plaza East
Brooklyn, New York 11201

January 24, 2025

By ECF and E-mail

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Larby Amirouche
                Criminal Docket No. 21-64 (KAM)

Dear Judge Matsumoto:

      The government respectfully submits this letter in response to Petitioner Larby Amirouche's ("Amirouche" or "Petitioner") pro se letter dated January 4, 2025 again asserting allegations relevant Amirouche's Petition pursuant 28 U.S.C. § 2255, for vacatur of his conviction and sentence. See ECF Docket No. 130 (the "January 4 Letter").

      While the January 4 Letter primarily reiterates baseless claims already advanced by Amirouche and rejected by the Court, the government writes to again address two sets of claims Amirouche makes in that letter. First, Amirouche's focus on the dates which he signed the waiver of indictment and plea agreement is irrelevant and misplaced. Amirouche claims these dates, and the amount of time he purportedly spent with his attorney reviewing the plea agreement, demonstrate that his plea was not voluntary. But Amirouche again ignores the actual facts surrounding his plea. As noted in the government's opposition to Amirouche's Petition, Amirouche repeatedly confirmed to the Court that he had reviewed both the plea agreement and the waiver of indictment with his lawyer before he signed those documents, understood what they provided and wished to proceed with the plea. See ECF Docket No. 122 at 2-4. The Court specifically held that Amirouche's repeated sworn statements control over his later self-serving assertions, and those assertions are simply repeated in the January 4 Letter. See ECF Docket No. 109 at 30-33.

      Second, Amirouche's self-serving claim that the government provided his allocution, "ostensibly" by the undersigned AUSA, moments before the hearing, also do not necessitate an affidavit from defense counsel or weigh in favor of granting his Petition. Not only does Amirouche fail to include any facts for his baseless statement that the government "provided" his allocution (and indeed admits that this is only "ostensibly" the case), even if it

were true (which it is not), it did not render his plea involuntary. The transcript of the defendant's plea establishes that the defendant's acknowledgment of his guilty to the Court involved more than simply reciting a written allocution. After the defendant made a statement to the Court allocating to the crime, the Court asked the defendant a series of questions confirming each of the elements of the charged crime and the defendant answered each of them in the affirmative. See Plea Transcript at 28-30. The record clearly dispels the notion that the defendant only admitted to his criminal conduct on the basis of a written allocution prepared by anyone. He repeatedly and clearly confirmed his criminal conduct under oath in response to direct questions from the Court.[1]

Amirouche's Petition thus remains based on baseless and conclusory allegations that are directly contradicted by the record and repeated representations he made to the Court. The Court has already rejected each of these in a detailed opinion. While Amirouche remains displeased with his conviction and sentence, none of the claims he has advanced in the January 4 Letter or in his motion to reconsider raise any new facts or require an affidavit from his defense counsel.

                                                  Respectfully submitted,

                                                  JOHN J. DURHAM
                                                  United States Attorney

By:   /s/ David C. Pitluck
        David C. Pitluck
        Assistant U.S. Attorney
        (718) 254-6108

cc:     Clerk of Court (KAM) (by ECF)
        Larby Amirouche (by Certified U.S. Mail)

---

[1] As the Court noted in its opinion denying the 2255 motion, the defendant also acknowledged the accuracy of his allocution and his criminal conduct at sentencing. See Docket No. 109 at 43.