United States District Court
Eastern District of New York

------------------------------------X

United States,

   - against -

Luke Andrew Williams f/k/a Larby
Amirouche,

               Defendant.

------------------------------------X

**Memorandum & Order**

No. 21-cr-64 (KAM)

**Kiyo A. Matsumoto, United States District Judge:**

    Before the Court is Defendant Luke Andrew Williams' f/k/a Larby Amirouche's *pro se* motion for reconsideration pursuant to Federal Rule of Civil Procedure ("Rule") 59(e) and supplemental motions. (*See* ECF Nos. 114, 126, 130-132, 150, 166.) The government opposes Defendant's motion. (*See* ECF No. 122, Govt. Opp.) For the reasons set forth below, Defendant's motion for reconsideration and related supplemental motions are respectfully DENIED.

<u>**BACKGROUND**</u>

    The Court assumes familiarity with the factual and procedural background of this case, which is discussed at length in the Court's September 13, 2024 Order denying Defendant's motion to vacate his conviction and sentence under 28 U.S.C. § 2255 as well as various other ancillary motions (the "September 13, 2024

Order").  (ECF No. 109, Order dated Sep. 13, 2024); *United States v. Amirouche*, 748 F. Supp. 3d 110 (E.D.N.Y. 2024).

On April 24, 2025, the United States Probation Department ("Probation") advised the Court that Defendant had violated the terms of his supervised release while living in Illinois and requested that the Court transfer jurisdiction of this case to the Northern District of Illinois pursuant to 18 U.S.C. § 3605.  (*See* ECF No. 168, Transfer of Jurisdiction Request.)  The U.S. District Court for the Northern District of Illinois accepted jurisdiction on April 28, 2024.  (*See* ECF No. 171, Signed Transfer of Jurisdiction Form; *United States v. Amirouche*, Case No. 25-cr-230 (EEC) (N.D. Ill.).)  On June 20, 2025, Judge Edmond E. Chang held a status conference, noting that Defendant was charged in Illinois state criminal court with attempted first-degree murder and aggravated domestic battery, and that the court would address Defendant's federal violation of supervised release upon resolution of his state court charges.  (*See* ECF Minute Entry dated June 20, 2025, Case No. 21-cr-64 (EEC) (N.D. Ill.).)

The Court now considers Defendant's motions that were pending before this Court prior to the transfer of jurisdiction.  (*See* ECF Nos. 114, 126, 130-132, 150, 166.)

## DISCUSSION

Defendant seeks reconsideration of the Court's decision denying his motion to vacate his sentence under 28 U.S.C. § 2255

on the grounds that his attorney, Michael Peter Kushner, Esq., was constitutionally ineffective.[1]  (*See generally* ECF No. 114, Def. Mot.)  The government responded in opposition on November 18, 2024 and, after numerous requests for extensions, Defendant filed a reply on February 14, 2025.  (*See* ECF No. 122, Govt. Opp.; ECF No. 157, Def. Reply.)

Defendant's motion practice in this case has been extensive.  Since filing his motion for reconsideration on October 29, 2024, Defendant has filed numerous supplemental motions that plainly "attempt[ ] to relitigate issues already presented to and decided by the Court."  *United States v. Basciano*, No. 5-cr-060 (NGG), 2009 WL 8673013, at *2 (E.D.N.Y. Jan 20, 2009); (*see* ECF Nos. 126, 130-132, 150, 166, Defendant's supplemental motions.)

For example, on December 16, 2024, Defendant moved for the Court to compel Mr. Kushner to provide a sworn affidavit addressing the allegations raised in Defendant's Section 2255 petition, ancillary motions, and motion for reconsideration.  (*See* ECF No. 126.)  Defendant filed motions requesting substantially the same relief on January 4, 2025, January 17, 2025, and February 9, 2025.  (*See* ECF Nos. 130, 132, 150.)  Mr. Kushner responded in opposition

---

[1] Defendant filed his first motion for reconsideration on October 29, 2024. (ECF No. 114, Def. Mot. for Reconsideration.)  Although this motion was filed four days after the Court ordered deadline of October 25, 2024, the Court shall consider the motion as timely in light of the technical issues Defendant raised in his letter to the Court dated October 30, 2024.  (ECF No. 115, Def. Letter dated Oct. 30, 2024.)

3

on December 27, 2024 and January 24, 2025.  (*See* ECF No. 128, Kushner Letter dated Dec. 27, 2024; ECF No. 133, Kushner Letter dated Jan. 24, 2025.)  On January 14, 2025, Defendant also filed a motion to produce discovery, alleging that in "denying [Defendant's] § 2255 motion, [the Court] stated that there was 'overwhelming evidence' to support [Defendant's] conviction and sentence[, but] . . . the government has not provided any evidence whatsoever to the Court to date."  (ECF No. 131 at 1.)

These supplemental *pro se* motions for a sworn affidavit from Mr. Kushner, (ECF Nos. 126, 130, 132, 150), and for discovery, (ECF No. 132), expand on arguments already raised in Defendant's October 29, 2024 motion for reconsideration that were addressed in the Court's September 13, 2024 Order denying Defendant's Section 2255 motion to vacate his sentence.  (*See, e.g.*, ECF No. 114, Def. Mot. for Reconsideration dated Oct. 29, 2024 at 73-76 (requesting that the Court "vacate its prior order, [and] direct Mr. Kushner to provide a detailed affidavit responding to the allegations in the 2255 petition"), 90-91 (arguing the Court "erred in denying [Defendant's motion to compel production of discovery"); ECF No. 109, Order dated Sep. 13, 2024.)  Accordingly, mindful that "[c]ourts afford a special solicitude to motions brought by *pro se* litigants," the Court liberally construes Defendant's subsequent motions for a sworn affidavit and discovery as supplemental motions for reconsideration and, in light of the overlapping arguments,

4

shall consider them as part of Defendant's October 29, 2024 motion for reconsideration. *Weir v. Montefiore Med. Ctr.*, No. 23-cv-4468 (KPF), 2024 WL 2049411, at *3 (S.D.N.Y. May 6, 2024), *aff'd*, No. 24-1527, 2025 WL 289497 (2d Cir. Jan. 24, 2025) (citing *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010)); *Castro v. United States*, 540 U.S. 375, 381-82 (2003) ("Federal courts sometimes will ignore the legal label that *a pro se* litigant attaches to a motion and recharacterize the motion in order to . . . create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis.").

On April 7, 2025, after he was released from custody, Defendant filed another supplemental motion for reconsideration pursuant to Rule 59(e) reiterating the arguments made in his October 29, 2024 motion and raising new arguments Defendant alleges he was "unable to fully develop pduring his period of incarceration." (*See* ECF No. 166, Def. Supp. Mot. for Reconsideration.) Here again, in light of the "special solicitude" afforded to motions brought by *pro se* parties, the Court will liberally construe this supplemental filing as part of Defendant's October 29, 2024 motion for reconsideration pursuant to Rule 59(e). *Weir*, 2024 WL 2049411, at *3.

I. **Legal Standard**

"[A]lthough the Federal Rules of Criminal Procedure do not contemplate" a motion to reconsider a Section 2255 ruling, the

5

Second Circuit has concluded that such a motion is available and shall be "treated as a Rule 59(e) motion if filed within 10 days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter." *Kerrigan v. United States*, No. 16-cr-576, 20-cv-1493, 2024 WL 1328216, at *2 (S.D.N.Y. Mar. 28, 2024) (citing *United States v. Clark*, 984 F.2d 31, 33 (2d Cir. 1993)). Here, although Defendant's motion for reconsideration and supplemental motions were filed more than ten days after the Court's September 13, 2025 Order, upon Defendant's motion, the Court granted Defendant an extension of time to file a motion for reconsideration pursuant to Rule 59(e) and shall "consider the merits of his motion for reconsideration [and supplemental motions] pursuant to the standards of Rule 59(e)" rather than the "more stringent standards of Rule 60(b)." *United States v. Valles*, No. 19-cr-672 (JPC), 20-cv-7835 (JPC), 2024 WL 1433708, at *2 (S.D.N.Y. Apr. 3, 2024); (ECF Dkt. Order dated Oct. 7, 2024 (granting Defendant's motion for an extension of time to file a motion for reconsideration pursuant to Rule 59(e)).)

Under Rule 59(e), reconsideration is appropriate only to (1) account for an "intervening change in controlling law" or newly available evidence that likely would have altered the court's decision, (2) correct a "clear error," or (3) avoid "manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021). A party's "disagreement" with the court's "explication of

6

the relevant legal standards and application of the standards to the facts of [the] case" does not satisfy the "clear error" standard. *See McGraw-Hill Global Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 398 (S.D.N.Y. 2018). The "manifest injustice" standard affords the district court substantial discretion and is rarely met. *See Chitkara v. N.Y. Tel. Co.*, 45 F. App'x 53, 55 (2d Cir. 2002).

The standard for reconsideration is "strict" to "dissuade repetitive arguments on issues" that the court already has "considered fully." *Commodity Futures Trading Comm'n v. McDonnell*, 321 F. Supp. 3d 366, 367 (E.D.N.Y. 2018) (quoting *Nielsen v. N.Y. City Dep't of Educ.*, No. 04-cv-2182 (NGG), 2007 WL 2743678, at *1 (E.D.N.Y. Sept. 18, 2007)). Accordingly, the moving party may not rely on information it could have but failed to present before, nor may it simply elaborate on arguments it already made. *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

**II. Application**

Having reviewed Defendant's multiple motions and considered all of Defendant's arguments, the Court finds that they do not satisfy the demanding standard for reconsideration under Rule 59(e). Defendant has not cited, nor does the Court find, any error of law or facts in the record that the Court overlooked in dismissing Defendant's motion to vacate his sentence and denying

7

his ancillary motions. Although Defendant attempts to argue that the Court overlooked controlling precedent when it denied his ineffective assistance of counsel claims for failing to move to dismiss the charges as time barred, the case Defendant cites to in support is, as the government accurately points out, inapposite. (*See* ECF No. 114 at 12-13 (citing *United States v. Hansel*, 70 F.3d 6 (2d Cir. 1995); ECF No. 122, Govt. Opp. at 4.) Unlike in *Hansel*—where the Second Circuit determined counsel was ineffective for failing to inform defendant of facially time-barred counts—this Court considered Defendant's arguments as to whether the charges against him were time barred and determined Mr. Kushner "was not ineffective for 'fail[ing] to make a meritless argument.'" *Amirouche*, 748 F. Supp. 3d at 133 (quoting *Guzman v. United States*, 363 F. Supp. 3d 396, 399 (S.D.N.Y. 2019)); *Hansel*, 70 F.3d at 8 (finding certain counts of the indictment were facially time-barred and defendant's attorney's conduct "fell below an objective standard of reasonableness" when he failed to object to the time-barred counts). Accordingly, the Second Circuit's holding in *Hansel* does not represent a "change of controlling law" that would warrant reconsideration in this case. *Banister v. Davis*, 590 U.S. 504, 508 n.2 (2020).

Moreover, Defendant does not allege, nor does the Court find, that reconsideration is warranted to prevent manifest injustice or that there is newly available evidence before the Court. Although

8

Defendant moves for discovery he alleges is "critical to demonstrating that the Court lacked subject matter jurisdiction over the bank fraud charges," (ECF No. 131 at 1), this argument is merely a thinly veiled attempt to take a "second bite at the apple" and improperly "advance[e] new theories that [Defendant] failed to articulate in arguing the underlying motion." *Tellium, Inc. v. Corning Inc.*, No. 03-cv-8487 (NRB), 2004 WL 1403297, at *2 (S.D.N.Y. June 22, 20024). Indeed, the Court already considered and denied Defendant's numerous motions for discovery, explaining that "[i]n a Section 2255 proceeding, discovery is available only for good cause," which Defendant failed to demonstrate. *Amirouche*, 748 F. Supp. 3d at 135.

The Court "will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister*, 590 U.S. at 508. This is particularly true where, as here, Defendant has failed to "demonstrate that . . . [any allegedly] newly discovered evidence was neither in his possession nor available upon the exercise of reasonable diligence." *Doe v. Combs*, No. 24-cv-8054 (MKV), 2024 WL 4753565, at *1 (S.D.N.Y. Nov. 12, 2024) (quoting *Rockland Exposition, Inc. v. All. of Auto. Serv. Providers of N.J.*, 894 F. Supp. 2d 288, 339 (S.D.N.Y. 2012)).

Moreover, to the extent Defendant seeks to argue his Section 2255 motion under "new theories" a motion for reconsideration is not the proper vehicle for raising such claims. *Analytical*

9

*Surveys*, 684 F.3d at 52; (*See, e.g.*, ECF No. 114, Def. Mot. at 17-22 (alleging for the first time that the Court "lacked jurisdiction" over the case); ECF No. 166, Def. Supp. Mot. at 81-183 (raising new allegations of judicial bias and procedural and administrative violations to attack the Court's September 13, 2024 Order and Defendant's underlying conviction and sentence)). Defendant cannot use a motion for reconsideration to "mak[e] new arguments that could have been previously advanced." *Stone v. Theatrical Inv. Corp.*, 80 F. Supp. 3d 505, 506 (S.D.N.Y. 2015). Indeed, "[i]t is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Analytical Surveys*, 684 F.3d at 52 (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Accordingly, for the reasons set forth above, the Court finds that Defendant has not met the "strict" test for reconsideration and his motion for reconsideration is, therefore, DENIED. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

## CONCLUSION

For the reasons set forth above, Defendant's motion for reconsideration dated October 29, 2024 and related supplemental motions are respectfully DENIED. (*See* ECF Nos. 114, 126, 130-132, 150, 166.)

This case has been closed since November 7, 2023. (*See* ECF

10

No. 52, Judgment.)  This Court ruled on Defendant's Section 2255 motion and denied a certificate of appealability under 28 U.S.C. § 2253(c)(2) on September 13, 2024.  *Amirouche*, 748 F. Supp. 3d at 136; (ECF No. 109, Order dated Sep. 13, 2024).  This Court has now ruled on Defendant's motions for reconsideration of the Court's September 13, 2024 Order and this case has been transferred to the Northern District of Illinois.  Consequently, no further motions or submissions of any kind shall be entertained by this Court in this case.

Defendant has been detained on state charges in Lake County Jail in Illinois since May 7, 2025.  (*See* ECF Minute Entry dated June 20, 2025, No. 25-cr-230 (EEC) (N.D. Ill.).)  The government is respectfully requested to serve a copy of this order on Defendant to his address in Lake County Jail as follows: Legal Mail, Luke A. Williams, L179025, 29 S. Martin Luther King Jr. Avenue, Waukegan, IL 60085, or other current address, and note service on the docket within seven days of the date of this Order.

**So ordered.**

Dated:    September 30, 2025
          Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York

11