United States District Court
Eastern District of New York

------------------------------------X

United States,

   - against -

Luke Andrew Williams f/k/a Larby
Amirouche,

               Defendant.

------------------------------------X

**Transfer Order**

No. 21-cr-64 (KAM)

**Kiyo A. Matsumoto, United States District Judge:**

    Before the Court is Defendant Luke Andrew Williams' f/k/a Larby Amirouche's second and third *pro se* motions pursuant to 28 U.S.C. § 2255 filed on November 3, 2024 and November 12, 2024.[1] (ECF No. 118, Def. Mot.; ECF No. 121, Def. Supp. Mot.; ECF No. 122, Govt. Opp.)  For the reasons set forth below, Defendant's submissions constitute a second or successive motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 and, as such, they must be transferred to the United States Court of Appeals for the Second Circuit.

    A second or successive motion is authorized when the petition

---

[1] On November 3, 2024, Defendant filed the instant motion in the United States District Court for the Northern District of Illinois (the "Northern District of Illinois"), and it was filed in this Court the same day.  (*See* ECF No. 118, Def. Mot.)  On November 12, 2024, Defendant filed a supplemental Section 2255 motion in the Northern District of Illinois, which was also filed in this Court the same day.  (*See* ECF No. 121, Supp. Def. Mot.)  The Court considers these motions because "venue with respect to any successive § 2255 motion" lies with the Court in which Defendant was "convicted and sentenced."  *Wright v. Nash*, 84 F. App'x 143, 146 (2d Cir. 2004).

contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1). Before a second or successive Section 2255 motion may be filed in a district court, however, the applicant is required to "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, "when a second or successive . . . § 2255 motion is filed in a district court without the authorization [of the Second Circuit] that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to [the Second Circuit] in the interest of justice pursuant to § 1631[.]" *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996); *see also Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998) (finding district court erred by dismissing second or successive petition on the merits, rather than transferring it to the Circuit for certification).

Here, Defendant's submissions constitute a "second or successive" Section 2255 petition because they "raise[ ] claims concerning the same conviction to which [a] prior § 2255 motion was addressed." *Liriano*, 95 F.3d at 122; *see also Corrao*, 152 F.3d at 191 (applying this rule "even if the latter petition purports to raise new claims"). Defendant has already filed a Section 2255 motion in this Court, which was decided on the merits, and numerous motions for reconsideration, which have also been

decided and denied. *See United States v. Amirouche*, 748 F. Supp. 3d 110 (E.D.N.Y. 2024) (denying Section 2255 motion to vacate Defendant's conviction and sentence); (ECF No. 173, Memorandum & Order dated Sep. 30, 2025 (denying Defendant's motions for reconsideration of the Court's September 13, 2024 Order).) Indeed, the instant Section 2255 motion predominantly restates arguments the Court has already ruled on, including Defendant's allegations that his attorney, Michael Peter Kushner, Esq., was constitutionally ineffective and that the charges against him, which he voluntarily pleaded guilty to,[2] were time-barred. *See generally United States v. Amirouche*, 748 F. 3d 110 (E.D.N.Y. 2024) (determining the charges against Defendant were facially valid and that each of Defendant's ineffective counsel claims against Mr. Kushner were meritless).

Nevertheless, this Court lacks jurisdiction to reach the merits because Defendant has failed to seek leave from the Court of Appeals to file the instant motions. The Clerk of Court is,

---

[2] As set forth in detail in the Court's Order denying Defendant's original Section 2255 Motion, at Defendant's guilty plea hearing, Defendant testified under oath and subject to penalty of perjury that his mind was clear, he understood why he was present in court, that he had discussed his guilty plea with counsel and was satisfied with his representation, and that he wished to "plead[ ] guilty to a superseding information" with "the Docket Number 21-CR-64," which "charged [Defendant] with a single count of conspiracy to commit bank fraud." *Amirouche*, 748 F. 3d at 119-21 (citing ECF No. 25, Plea Tr. at 5-10). "Based on all the information [Defendant] provided under oath and subject to penalty of perjury, the Court found a factual basis for [Defendant's] guilty plea and accepted the plea." *Id.* at 121. The Court also determined that Defendant was "acting voluntarily and the fully understood his rights and the consequences of his guilty plea. *Id.*

3

therefore, respectfully directed to transmit this Order and Defendant's motions available at ECF Numbers 118 and 121 to the Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631, in the interests of justice, for a determination of whether Defendant's successive Section 2255 petitions may proceed in this Court.  *See* 28 U.S.C. § 1631 (a court lacking jurisdiction over an action may transfer such action to "any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed").

Defendant has been detained on state court charges in Lake County Jail in Illinois since May 7, 2025.  (*See* ECF Minute Entry dated June 20, 2025, No. 25-cr-230 (EEC) (N.D. Ill.).)  The Clerk of Court is respectfully requested to serve a copy of this order on Defendant to his address in Lake County Jail as follows: Legal Mail, Luke A. Williams, L179025, 29 S. Martin Luther King Jr. Avenue, Waukegan, IL 60085, or other current address if Defendant is incarcerated at a different facility.

**So ordered.**

Dated:    September 30, 2025
          Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York